UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON LEE STARR, | Case No. 16-cv-07168-EMC |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| HIGHLAND HOSPITAL, et al., | Docket No. 1 |
| Defendants. | |

## I.   INTRODUCTION

Shannon Lee Starr, an inmate at the Santa Rita Jail in Dublin, California, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. §§ 1983.  The complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.   BACKGROUND

Mr. Starr alleges the following in his complaint about events that occurred when he was a pretrial detainee in the Santa Rita Jail:  Mr. Starr was diagnosed in late 2014 or early 2015 with an abdominal hernia, eventually obtained a court order for surgery, and was taken to Highland Hospital for surgery on October 4, 2016.  At the hospital, surgery was called off by Highland Hospital "due to discrepancy of plaintiff's name, a clerical error caused by Alameda County Sheriff's office."  Docket No. 1 at 3.  He filed a grievance about the denial of surgery, and the grievance was denied.  "California Forensic Medical Group agreed with the [Sheriff's office's] denial of [Mr. Starr's] grievance and Highland's denial of surgery."  *Id.*

Mr. Starr "is confined to wheelchair due to gunshot wound, and is in constant, excruciating neck, back & leg pain."  *Id.*  From January through July 2016, Corizon Health medical staff repeatedly delayed and/or refused to provide Mr. Starr with the Norco pain medication he had

been prescribed by a doctor.  *Id.*

### III.   DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  An inmate claiming that prison or jail officials have responded inadequately to his medical needs must establish two elements to state a claim under § 1983.  First, he must identify an objectively serious medical need.  *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (serious medical need exists if "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.")  Second, he must allege that a defendant acted with the requisite mental state of deliberate indifference to the risk to the inmate's health.  It appears that a pretrial detainee must allege facts to show that a defendant "did not take reasonable measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree or risk involved--making the consequences of the defendant's conduct obvious."  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016 (en banc), *cert. denied* 2017 WL

United States District Court
For the Northern District of California

276190 (U.S. Jan. 23, 2017).[1]  Mere negligence or an inadvertent failure to provide adequate medical care does not rise to the level of a constitutional violation.  *See id.* at 1071.

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976).  A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them.  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a).  *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Mr. Starr's complaint is deficient in several respects.  First, Mr. Starr has not adequately

---

[1] For present purposes, the Court assumes that an objective (rather than subjective) standard of deliberate indifference applies to medical care claims from pretrial detainees.  The Court recognizes the law currently is unsettled as to whether an objective or subjective standard of deliberate indifference applies.

The objective standard mentioned in the text is different from the subjective standard that would apply if the plaintiff was a convicted prisoner rather than a pretrial detainee at the relevant time.  For a convicted prisoner, the Eighth Amendment's subjective standard of deliberate indifference would apply, i.e., the prisoner-plaintiff would have to show that a defendant knew of and consciously disregarded an excessive risk to inmate health.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994),

*Castro* announced the objective standard in a deliberate-indifference-to-safety claim from a pretrial detainee, and the Ninth Circuit has not yet decided whether the same objective standard of deliberate indifference applies to a medical care claim from a pretrial detainee.  Indeed, a recent unpublished decision suggests the issue remains undecided.  *See Banks v. Castillo*, 2017 WL 784643, *1 (9th Cir. Mar. 1, 2017) (summary judgment was proper on a pretrial detainee's claim of deliberate indifference to medical needs "under any potential potentially applicable standard," citing *Castro* as well as earlier cases using subjective standard for deliberate indifference claims).  Other circuits have taken different approaches.  *See Ryan v. Armstrong*, --- F.3d ---, 2017 WL 894459, *2 n.3 (8th Cir. Mar. 7, 2017) (citing *Castro* and declining to decide whether deliberate indifference test is now an objective test for medical care claims by pretrial detainees); *Darnell v. Pineiro*, --- F.3d ---, 2017 WL 676521 (2d Cir. Feb. 21, 2017). (citing *Castro* and holding that objective test for deliberate indifference applies to pretrial detainees' claims about conditions of confinement, such as overcrowding, sanitation problems, and inadequate nutrition)); *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415 (5th Cir. 2017) (following Fifth Circuit precedent and declining to adopt objective standard for pretrial detainee's claim of deliberate indifference to medical needs).

If Defendants are ever served with process, they may wish to revisit the issue of whether a subjective or objective standard of deliberate indifference should apply to a medical care claim from a pretrial detainee, but the Court will assume in the interim that it is an objective standard.

explained what happened that caused his hernia surgery to be cancelled.  He states that it was cancelled "due to a discrepancy" in his name that resulted from a clerical error, but that bare-bones description suggests a negligent mistake, at most.  Leave to amend is granted so that Mr. Starr may attempt to allege a § 1983 claim based on the cancellation of surgery.  In his amended complaint, Mr. Starr must provide more information about the "discrepancy" and the circumstances of the cancellation of his hernia surgery so that the court can understand the nature of the problem.  Mr. Starr must explain more clearly what happened and must allege facts (if he has them) suggesting deliberate indifference by one or more defendants.  He also should explain whether he eventually had the hernia surgery and, if so, how much longer he was required to wait as a result of the "discrepancy" in his name.  Mr. Starr also needs to link defendants to this claim, as explained below.

Second, Mr. Starr alleges that some unidentified person(s) on the medical staff "repeatedly" delayed or refused to provide the Norco pain medication, but does not state the dates on which this occurred.  He does not appear to allege that he received no medication for the entire time from January 2016 until July 2016, and does not identify the person(s) on the medical staff who allegedly caused the problem.  In order to give the defendant(s) fair notice to enable the defendant(s) to defend against this claim, Mr. Starr must be more specific as to the dates on which the Norco was denied and/or delayed and must link defendants to this claim, as explained below.

Third, the complaint does not state a claim against any defendant.  The defendants listed in the complaint are Highland Hospital (also known as Alameda Health System), the Alameda County Sheriff's Office, Corizon Health, Inc., and California Forensic Medical Group.  There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights.  *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).  Thus, the mere fact that the alleged individual wrongdoer was employed by one of these institutional defendants would not be a sufficient basis on which to hold the employing institutional defendant liable.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official

4

**United States District Court**
For the Northern District of California

policy or custom causes a constitutional tort, *see Monell,* 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conduct conformed to a policy, custom or practice. *See id.* at 636-68.

Fourth, if Mr. Starr wants to add individuals as defendants, he must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

If, by the deadline for filing his amended complaint, Mr. Starr is unable to obtain the name of individuals who he contends violated his constitutional rights, he may sue the persons as John Doe and Jane Doe defendants. The use of "John Doe" or "Jane Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), but sometimes is necessary when a plaintiff cannot discover the identity of the defendant before filing the complaint. Although the use of a John Doe or Jane Doe defendant designation is acceptable to

United States District Court
For the Northern District of California

1    withstand dismissal of a complaint at the initial review stage, using a John Doe or Jane Doe

2    defendant designation creates its own problem: that person cannot be served with process until he

3    or she is identified by his or her true name.  The burden remains on the plaintiff to identify the

4    defendant; the Court will not undertake to investigate the name and identity of an unnamed

5    defendant.  The Court will provide an extended length of time for Mr. Starr to file his amended

6    complaint so that he will have the time to try to learn the name of the persons who allegedly

7    violated his rights.  If Mr. Starr files an amended complaint using John Doe or Jane Doe

8    designations, he must at that same time inform the Court of each and every step he took to try to

9    learn the name of each of those Doe defendants.  Further, his amended complaint must allege what

10   each Doe defendant did that caused a violation of his constitutional rights, because each Doe

11   defendant should represent a specific person.  For example, John Doe # 1 may have rejected his

12   request for surgery at Highland Hospital; John Doe # 2 may have refused to provide Norco on "x"

13   date, and Jane Doe # 1 may have refused to provide Norco on "y" date.  As to each instance, he

14   would need to provide the date, as well as describe what the defendant did or failed to do that

15   caused a violation of his constitutional rights.

16                                    **IV.    CONCLUSION**

17          The complaint is dismissed with leave to amend.  Mr. Starr must file an amended

18   complaint that complies with the directions in this order no later than **May 26, 2017**, and must

19   include the caption and civil case number used in this order and the words AMENDED

20   COMPLAINT on the first page.  Mr. Starr is cautioned that his amended complaint must be a

21   complete statement of his claims.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir.

22   2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint will result in the dismissal of this action.

    **IT IS SO ORDERED**.

Dated: March 20, 2017

EDWARD M. CHEN
United States District Judge